we find that none is on all fours with the present case. It is deemed unnecessary to review any of them.

The protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.

**No. 59277.**—General Sportcraft Co., Ltd. v. United States, protest 229336–K (New York).

Opinion by WILSON, J. In a memorandum to accompany invoice, customs Form 4371, addressed to the collector from the appraising officer, there appeared the following statement: "These articles being leather sheaths, on reconsideration this office would advisory return under par. 1531 as—manufactures in chief value of leather, at 12½% ad valorem." Following the special report of the appraiser, the collector's office, in a memorandum accompanying the protest, advised that "the merchandise would now be properly classified at 12½% under paragraph 1531 of the Tariff Act of 1930." Accordingly, the merchandise, covered by item No. 3022 on the invoice, was held properly dutiable at 12½ percent under paragraph 1531, as modified by T. D.'s 52373 and 52476, as manufactures of leather.

BEFORE THE SECOND DIVISION, SEPTEMBER 15, 1955

**No. 59278.**—Abraham & Straus, A Division of Federated Dept. Stores, Inc., et al. v. United States, protests 193148–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited,* and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiffs was sustained.

**No. 59279.**—Edwin Jay, Inc. v. United States, protests 196926–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited,* and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiff was sustained.

**No. 59280.**—Chas. Kurz Co. *v.* United States, protest 238479–K (Philadelphia).

Opinion by LAWRENCE, J. The court considered the protest as having been abandoned, and the protest was dismissed.

**No. 59281.**—Silver & Company *v.* United States, protest 186701–K (San Francisco)".

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59282.**—S & D Ades Company *v.* United States, protest 217439–K (San Francisco).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of so-called silk squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59283.**—City of Hankow Tassel Co. and Joseph A. Paredes & Co. et al. *v.* United States, protests 230385–K, etc. (San Francisco).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of so-called silk squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.